UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CESAR RODRIGUEZ<br>*Plaintiff*, | §<br>§<br>§ | |
| vs. | §<br>§ | C.A. NO. _____ |
| UNITED STATES OF AMERICA,<br>*Defendant*. | §<br>§<br>§ | |

## ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT/MAGISTRATE JUDGE:**

**COMES NOW** Plaintiff, Cesar Rodriguez, and complains of the United States of America, acting by and through the acts of its agents and employees, and will respectfully show unto this Honorable Court as follows:

## I.
## FEDERAL JURISDICTION

1. This action for the recovery of monetary damages for personal injuries against the United States of America is premised upon the Federal Tort Claims Act (28 U.S.C. § 2671, *et. seq.*). This Court has original and exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b).

2. Plaintiff suffered injuries and damages as a result of the negligence of an employee of the United States Government, while said employee was acting within the course and scope of his employment. The United States of America, if a private person, would be liable to Plaintiff in accordance with the laws of the doctrine of respondeat superior and other applicable law. The United States of America is the proper defendant pursuant to 28 U.S.C. §§ 2674 and 2679.

3.

## II.
## VENUE

4. Plaintiff resides within the Southern District of Texas, and the acts and omissions giving rise to the alleged damages sustained by Plaintiff occurred in the Southern District of Texas. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b).

## III.
## PARTIES

5. Plaintiff, CESAR RODRIGUEZ, is an individual residing within the jurisdiction of the Southern District of Texas and this Court.

6. Defendant UNITED STATES OF AMERICA may be served with process pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure by serving a copy of the complaint and summons to the United States Attorney for the Southern District of Texas pursuant to said United States Attorney's published temporary measure due to COVID-19 concerns, whereby a copy of the complaint and summons shall be emailed to USATXS.CivilNotice@usdoj.gov and separate copy mailed to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002, and forwarding a copy of same by certified mail, return receipt requested, to the Attorney General of the United States, at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## IV.
## COMPLIANCE WITH THE CLAIMS PROCEDURE

7. On September 2, 2022, Plaintiff timely filed his Standard Form 95 Claim for Damage, Injury, or Death with the United States Postal Service pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680. The United States Postal Service acknowledged receipt of Plaintiff's claim on November 22, 2022, and Plaintiff timely provided

the requested information and documents. True and correct copies of Plaintiff's SF-95 and the United States Postal Service's acknowledgment are attached hereto as Exhibit "A."

8. As of the date of this Complaint, more than six months have passed since the filing of Plaintiff's claims, and Defendant UNITED STATES OF AMERICA has not provided any notice of acceptance nor final denial of Plaintiff's claims. Accordingly, pursuant to 28 U.S.C. § 2675(a), Plaintiff has elected to consider such failure to act as final denial of his claims.

9. Plaintiff has complied with all administrative requirements to assert this action, and all administrative remedies have been exhausted.

10. In compliance with 28 U.S.C. § 2401, Plaintiff brings his causes of action herein against Defendant UNITED STATES OF AMERICA more than six months after filing notice of his claims to the appropriate federal agency within six (6) months of the event giving rise to his claims.

## V.
## FACTS

11. On the morning of July 13, 2022, Plaintiff was driving his tractor-trailer ("Truck") northbound on State Highway 36 in a rural area located in Austin County, Texas. As Plaintiff proceeded in his lane of travel at 64 mph, a United States Postal Service ("USPS") truck stopped on the shoulder of the northbound lane of SH 36, suddenly and unexpectedly turned directly in front of Plaintiff's Truck northbound lane of travel. Plaintiff took evasive maneuvers to avoid hitting the USPS truck, but was unable to do so, and struck the left side of the USPS truck. Upon information and belief, at all times relevant hereto, the USPS truck was being driven by Darlene Wortham, who was acting within the course and scope of her employment as a United States Postal Carrier for the USPS. The USPS is an agency of Defendant UNITED STATES OF AMERICA.

12. Upon further information and belief, Defendant UNITED STATES OF AMERICA, by and through its employee, agent, and servant, Darlene Wortham, negligently and carelessly

3

operating the USPS truck so as to cause it to collide with Plaintiff's vehicle, failed to yield right of way to Plaintiff's vehicle, failed to exercise caution and maintain a proper lookout, failed to pay attention to driving conditions, failed to maintain proper control of the USPS truck in a manner in which a reasonable and prudent person would have done under the same or similar circumstances, failed to take proper evasive action to avoid the collision, failed to operate the USPS truck in a safe manner, failed to give warning of the impending collision, driving the USPS truck with a willful and wanton disregard for the safety of persons or property in violation of the Texas Transportation Code sections 544.010, 545.151, 545.153, and 545.401, V.T.C.A., Federal Motor Carrier Safety Act, among other applicable regulations, said actions constituting negligence *per se,* and other acts of negligence.

13. Under these facts and circumstances, and under the laws of the State of Texas, the person responsible for the operation of a motor vehicle in the manner described herein, if he were a private person, would be liable to Plaintiff for his damages resulting from the collision.

14. At the date and time of this collision, Defendant UNITED STATES OF AMERICA, by and through its employee, agent, and servant, Darlene Wortham, failed to exercise ordinary care and otherwise violated its statutory and common law duties to Plaintiff as described herein, and its negligence and negligence *per se* was a substantial factor in causing Plaintiff's injuries and damages.

15. As a direct and proximate result of the negligent and careless conduct of Defendant UNITED STATES OF AMERICA, by and through its employee, agent, and servant, Darlene Wortham, and without any negligence on the part of Plaintiff, Plaintiff sustained severe injuries, has been caused to incur healthcare expenses in the past, is expected to incur additional healthcare expenses in the future, has suffered increased likelihood of and susceptibility to injury and disease, has been

deprived of his enjoyment of life, suffered permanent injuries, been subjected to pain, suffering, and mental anguish in the past, and will endure same in the future.

## VI.
## NEGLIGENCE AND NEGLIGENCE *PER SE*

16. Defendant UNITED STATES OF AMERICA, acting through its employee, Darlene Wortham, owed Plaintiff a duty to operate the USPS truck in a reasonable and safe manner. Defendant UNITED STATES OF AMERICA, acting through its employee, Darlene Wortham, breached its duty of reasonable care owed to Plaintiff in one or more of the following manners:

   a. failing to exercise caution and maintain a proper lookout;

   b. failing to pay attention to driving conditions;

   c. failing to yield right-of-way;

   d. failing to maintain proper control of the USPS truck in a manner in which a reasonable and prudent person would have done under the same or similar circumstances;

   e. failing to take proper evasive action to avoid the collision;

   f. failing to operate the USPS truck in a safe manner;

   g. failing to give warning of the impending collision;

   h. driving the USPS truck with a willful and wanton disregard for the safety of persons or property in violation of the Texas Transportation Code sections 544.010, 545.151, 545.153, and 545.401, V.T.C.A., Federal Motor Carrier Safety Act, among other applicable regulations, said actions constituting negligence *per se*; and

   i. other acts of negligence, incompetence, and/or omissions which may be proved at trial.

17. Each of these acts and/or omissions by Defendant UNITED STATES OF AMERICA, acting through its employee, Darlene Wortham, jointly or individually, singularly or in combination with others, constitute negligence and/or negligence *per se*, which proximately

caused the subject collision and the injuries and damages sustained by Plaintiff. Nothing Plaintiff did or failed to do caused or contributed to the collision made the basis of this suit or Plaintiff's resulting injuries and damages.

18. The identified sections of the Texas Transportation Code are designed to protect a class of persons to which Plaintiff belongs against the type of injury suffered by Plaintiff. The identified sections of the Texas Transportation Code are of the type that impose tort liability. Defendant UNITED STATES OF AMERICA's violations of the identified sections of the Texas Transportation Code, acting through its employee, Darlene Wortham, were without legal excuse.

19. As a direct and proximate result of Defendant UNITED STATES OF AMERICA's, acting through its employee, Darlene Wortham, breached its duty of reasonable care owed to Plaintiff, Plaintiff has suffered serious bodily injury, including, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical expenses and other expenses directly related to their injuries suffered, rehabilitation care, lost wages, and loss of earning capacity. Within a reasonable degree of medical probability, Plaintiff's injuries and losses are permanent and/or continuing, and Plaintiff will continue to suffer these losses and injuries in the future.

## VII.
## PRAYER

WHEREFORE, Plaintiff Cesar Rodriguez, prays for entry of a judgment in his favor against Defendant, UNITED STATES OF AMERICA, for damages, including economic and non-economic damages, interest, costs, and all other relief to which he may be entitled and as this Court may deem just and proper.

Respectfully submitted,

GILMAN ⚜ALLISON LLP

_/s/ Brenton J. Allison_

Brenton J. Allison
Texas Bar No. 24040417
Federal I.D. No. 36863
ballison@gilmanallison.com
Douglas T. Gilman
Texas Bar No. 24048496
Federal I.D. No. 19897
dgilman@gilmanallison.com
Michael S. Prejean
Texas Bar No. 24092993
Federal I.D. No. 2513911
mprejean@gilmanallison.com
2005 Cullen Blvd.
Pearland, Texas  77581
Tel:  (713) 224-6622
Fax:  (866) 543-3643

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

GILMAN ⚜ALLISON LLP